This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Nikolaus Nageotte, appellant, appeals from the decision of the Medina County Court of Common Pleas. We affirm.
 {¶ 2} On January 31, 2002, Mr. Nageotte was indicted on one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1), a felony of the second degree. Mr. Nageotte pled no contest and the trial court sentenced him to four years in prison and permanently revoked his driver's license. This appeal followed.
 {¶ 3} Mr. Nageotte asserts one assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING GREATER THAN THE MINIMUM SENTENCE ON THE SOLE COUNT OF CONVICTION, SAID SENTENCE BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD."
 {¶ 4} In his sole assignment of error, Mr. Nageotte asserts that the trial court erred by imposing more than the minimum sentence. We disagree.
 {¶ 5} An appellate court may only reverse a trial court's decision regarding sentencing if it clearly and convincingly finds that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is that "`which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 6} Aggravated vehicular homicide is a felony of the second degree when the death was caused by drunk driving, in violation of R.C.4511.19. R.C. 2903.06(B)(1)(a). R.C. 2929.14(A)(2) requires that, for a felony of the second degree, the prison term shall be between two and eight years. R.C. 2929.14(B) provides, in pertinent part:
 "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"***
 "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 7} The Ohio Supreme Court has interpreted R.C. 2929.14(B) to mean that if the court does not impose the shortest term authorized, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson
(1999), 86 Ohio St.3d 324, 326. However, the trial court is not required to give its reasons for its findings. Id. When exercising its discretion in sentencing, the trial court must consider the seriousness and recidivism factors set forth in R.C. 2929.12. At issue in this case is R.C. 2929.12(B), which states as follows:
 "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense[.]" (Emphasis added.)
 {¶ 8} In the present case, the trial court stated, during the sentencing hearing and in its journal entry, that "a lesser term of imprisonment would demean the seriousness of the offense and that a lesser term would not adequately punish the offender and would not protect the public from future crime." Mr. Nageotte does not dispute that the trial court made the appropriate findings in its journal entry. Rather, Mr. Nageotte argues that, even though the trial court is not required to state its reasons for its findings, the trial court in this case did state its reasons, and those reasons are not supported by the evidence in the record.
 {¶ 9} While apparently considering the seriousness and recidivism factors of R.C. 2929.12, the trial court stated the following during the sentencing hearing:
"On the recidivism likely factors, he has none.
"On recidivism unlikely, he has three.
 "On the more serious factors, he has one, that is the victim did suffer serious injuries, the most serious you can suffer because the victim is deceased.
 "More serious factor, that is the only one, but that is a very large one.
"Less serious factors, he has none."
 {¶ 10} During the sentencing hearing, defense counsel argued that because death is a factor of the offense of aggravated vehicular homicide, the fact that someone died cannot make the offense more serious than other aggravated vehicular homicides. The trial court responded that "I don't think that is how the sentencing code works. I don't think this is to be compared to other aggravated vehicular homicides. I think this is to be compared to other felonies of the second degree."
 {¶ 11} This Court does not agree with the trial court's reasoning. When comparing the offender's conduct to conduct normally constituting "the offense," we interpret "the offense" to mean the specific offense charged, rather than the corresponding felony level attached to the offense. However, we find, pursuant to R.C. 2953.08(G)(2), that the record does support the trial court's imposition of a greater sentence than the statutory minimum. Specifically, Mr. Nageotte's blood alcohol level was twice the legal limit. Mr. Nageotte's blood alcohol level indicates a lack of concern for other drivers and a recklessness which renders the offense more serious than other aggravated vehicular homicides. Therefore, we hold that the trial court's finding that the shortest prison term will demean the seriousness of the offender's conduct and will not adequately protect the public from future crime was correct.
 {¶ 12} Mr. Nageotte's assignment of error is overruled and the judgment of the Medina County Court of Common Pleas is affirmed, albeit for reasons different than those expressed by that tribunal.
SLABY, P.J. and WHITMORE, J. CONCUR.